UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARTER COMMUNICATIONS | : | |
| ENTERTAINMENT I, LLC | : | |
| d/b/a CHARTER COMMUNICATIONS, | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 04-40081-FDS |
| v. | : | |
| | : | |
| DENNIS SOSA, | : | |
| | : | |
| Defendant. | : | |

## MOTION FOR JUDGMENT OF DEFAULT
## AGAINST DENNIS SOSA

Pursuant to Federal Rule of Civil Procedure 55(b) and Local Rules of Civil Procedure,

Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications, hereby

moves this Court for a judgment by default against the Defendant Dennis Sosa (the "Defendant"),

in the above-captioned action. In support of its Motion, Plaintiff states that:

1.    The Complaint in the above-captioned action was filed in this Court on May 19,

2004;

2.    The Defendant was served by Deputy Sheriff David G. Westerman by leaving a

true and attested copy of the Summons and Complaint at the abode of the Defendant on May 25,

2004 and by mailing a first class true attested copy to the home of the Defendant on May 26,

2004, pursuant to Rule 4(c) and 4(e) of the Federal Rules of Civil Procedure;

3.    The Defendant failed to file an Appearance in the above-captioned action;

4.     The Defendant failed to file a response to the Complaint, which was due on or before June 14, 2004, as required by Rule 12(a) of the Federal Rules of Civil Procedure;

5.     In the Complaint, Plaintiff claims that the Defendant engaged in conduct and acts constituting violations of 47 U.S.C. § 553(a) and 47 U.S.C. §605(a);

6.     On or about June 22, 2004 the Plaintiff moved for Entry of Default against the Defendant and sent a copy of such Motion to him at his current address;

7.     Default was entered by this Court pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on July 20, 2004, and, pursuant to that Order and Federal Rule of Civil Procedure 55, Plaintiff was directed to file a Motion for Judgment of Default within thirty days;

8.     No proceedings have been taken by the Defendant in this action since his default was entered; and

9.     The Defendant is not in the military service and is not an infant or incompetent as appears in the Affidavit attached hereto as Exhibit B.

WHEREFORE, the Plaintiff requests the Court to enter judgment against the Defendant as follows:

1.  For statutory damages in favor of Plaintiff against the Defendant in the amount of $20,000 for Defendant's violations of 47 U.S.C. § 553(a) and 47 U.S.C. § 605(a); as described in the Affidavit of Mary P. Paul and Plaintiff's Damages Analysis, attached hereto as Exhibits A and C, respectively;

2.  Ordering that the Defendant, his servants, agents, employees, successors and assigns and those persons in active concert or participation with any of them, are permanently enjoined and restrained from engaging in, aiding, abetting or otherwise promoting or supporting interception or reception of the cable television programming, service or signal of Charter,

including, without limitation, the following: permanently enjoining and restraining the Defendant from connecting, attaching, splicing into, tampering with or in any way using cable wires of Charter for purposes of obtaining any of the programming services of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from manufacturing, purchasing, obtaining, installing, owning or possessing any equipment, components or parts used to make any such equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from attaching or connecting any such equipment to any property of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from attaching or connecting any such equipment to any property of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from any further tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, any of Charter's cable systems without Charter's authorization, in accordance with 47 U.S.C. § 553(c)(2)(A) and 47 U.S.C. §605(e)3(B)(i) ;

3.    Awarding the Plaintiff its attorneys' fees and costs in prosecuting this action, in accordance with 47 U.S.C. § 553(c)(2)(C) and 47 U.S.C. § 605(e)(3)(B)(iii) in the amount specified for the Defendant in the Affidavit attached hereto as Exhibit D; and

4. Granting such other relief as the Court determines is just and proper.

NO ORAL ARGUMENT REQUESTED.

PLAINTIFF – CHARTER COMMUNICATIONS
ENTERTAINMENT I, LLC d/b/a CHARTER
COMMUNICATIONS

By Its Attorneys,

Burton B. Cohen, BBO#656190
Christopher L. Brown, BBO# 642688
Murtha Cullina, LLP
99 High Street-20th Floor
Boston, MA 02110
(617) 457-4000

Dated:  August 18, 2004

284787-1

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Default Judgment Against

Defendant Dennis Sosa with Exhibits was mailed first-class, postage prepaid, on August 18,

2004 to:

Dennis Sosa
78 Dorchester Street
Apartment # 1
Worcester, Massachusetts 01604

_____
Burton B. Cohen

**EXHIBIT A**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARTER COMMUNICATIONS | : | |
| ENTERTAINMENT I, LLC d/b/a | : | |
| CHARTER COMMUNICATIONS, | : | CIVIL ACTION |
| | : | NO. 04-40081-FDS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DENNIS SOSA, | : | |
| | : | |
| Defendant. | : | |

AFFIDAVIT OF MARY P. PAUL

I, Mary P. Paul, being duly sworn, hereby depose and say:

1.    I am over the age of eighteen (18) years and understand the obligations of an oath.

2.    I am the Inventory Operations Manager for Charter Communications Entertainment I, LLC d/b/a Charter Communications, a Delaware Limited Liability Company with a principal place of business at 95 Higgins Road, Worcester, Massachusetts. At all times relevant to this action, Charter held a license, pursuant to M.G.L.c. § 166A, to construct and operate a cable television system in the towns of Northbridge and Worcester, Massachusetts.

3.    As the Inventory Operations Manager for Charter, I am personally familiar with the facts stated herein.

4.    I submit this affidavit in support of the Plaintiff's Motion for Judgment of Default Against the Defendant Dennis Sosa.

5.    As the Inventory Operations Manager for Charter, I am responsible for combating theft of service in Charter's cable systems. I have been employed by Charter for over seventeen years.

6.    As the Inventory Operations Manager for Charter, I obtained a copy of invoice information indicating that on or about August 9, 2000, Modern Electronics, Inc., a mail order business operating out of Nebraska, sold one cable theft device: a "BOSSV" decoder or descrambler to the Defendant Dennis Sosa for $225.00. That same device was shipped to the Defendant's residence at 2285 Providence Road, Northbridge, Massachusetts, 01534.

7.    The device, referred to in the Modern Electronics, Inc. invoice as a "BOSSV" decoder or descrambler, is a device, when used in conjunction with a converter, that is designed to defeat the scrambling technology of converters manufactured by Scientific Atlanta, Inc.

8.    Cable television converters/descramblers manufactured by Scientific-Atlanta, Inc. are utilized in Northbridge, Massachusetts by Charter to enable its customers to access various levels of cable services purchased.

9.    The use of a cable television converter in connection with the device purchased by Sosa would allow him and/or others to obtain virtually all of the premium and pay-per-view services offered over Charter's cable systems, including services and levels of service beyond the actual subscription level of service, without making payment to Charter.

10.    Authorized converters, when used by a cable system, serve a security function, prohibiting reception of non-purchased channels and services. When the devices are altered and then used illegally and without authorization, however, all security functions are "blown out" and the devices serve only one purpose, which is to decode all scrambled channels. Unauthorized use of these devices within Charter's Service Areas enables one to obtain all encrypted levels of cable services without

authorization from and payment to the cable system. Therefore, the only purpose for the cable theft device purchased by Sosa is to effect the unauthorized reception of premium and pay-per-view cable services, and no legitimate reason to own such a device exists.

11.    Based on my knowledge, information and belief, the Defendant has never contacted Charter to notify the cable system of the purchase and use, or assistance in the use, of the cable theft device that she purchased and received from Modern Electronics, Inc.

12.    Based on my knowledge, information and belief, the average useful life of a cable theft device, such as the one purchased by the Defendant, is calculated to be seven years and has been known to exceed fifteen years. Therefore, the purchase and use of the device by Sosa poses an ongoing and continuous harm to Charter.

13.    The Defendant's prior address at 2285 Providence Road, Northbridge, Massachusetts and the Defendant's current address at 78 Dorchester Street, Worcester, Massachusetts are both within Charter's service area and have been since August 2000, when he purchased the device.

14.    From August 2000 to the present (approximately four years), Charter, or its predecessors, charged approximately $10.00 per month for each of the premium services identified below. The descrambler device, when used in conjunction with a cable television converter, is capable of descrambling each of these premium services and therefore the approximate total value of premium services for this 48 month period is reasonably estimated to be at least $1,920.00

    a.    The Movie Channel (approximately $10/month from August 2000 to August 2004)
          $10/month x 48 months = $480.00

    b.    Showtime (approximately $10/month from August 2000 to August 2004)
          $10/month x 48 months = $480.00

    c.    HBO (HBO Plus is included - approximately $10/month from August 2000 to August 2004)

$10/month x 48 months = $480.00

d.    Cinemax (Moremax is included - approximately $10/month from August 2000 to August 2004)
$10/month x 48 months = $480.00

Because premium services are offered by the month, Charter would have incurred this loss if the device was used to view only a single program on that channel during the course of a month.

16.    The cable theft device used in conjunction with a cable television converter is capable of descrambling all of Charter's pay-per-view programming services. There are five pay-per-view channels. The type and price of pay-per-view programming services offered by Charter from August 2000 to August 2004 is as follows:

a.    Movies – approximately 15 different movies are shown monthly on two of the four pay-per-view channels for $3.99 per movie;

b.    Movies - one movie is shown continuously in a 24 hour period for $3.99/day for approximately 30 movies per month on two of the four pay-per-view channels.

c.    Ten – adult programming shown between 10:00 pm and 6:00 am for $6.99 per day; a different program is shown each night; and

d.    Special Events – general concerts, wrestling and boxing events – prices vary between $5.95 and $59.95 per event.

An approximate estimate of pay-per-view losses to Charter from the use of the cable theft device in conjunction with the cable television box over its 48 month life as a cable theft device (without considering that the device has not been received by Charter and may still be connected and receiving unauthorized cable services at her or another's address) used against Charter is fifteen movies per month ($3.99 x 30 [15 movies per month x 2 pay-per-view channels per month] x 48 months = $5,745.60), thirty adult programming services per month ($6.99 x 30 per month x 48 months = $10,065.60), and at

least two boxing or special events per year in the 48 month period ($59.95 x 3 per year x 4 years = $719.40) for a total of $16,530.60.

17.    Based on the estimates identified in paragraphs 14 and 15 above, the damages to Charter resulting from the use of only one cable theft device for a 48 month period, considering only the lost revenues from the unauthorized premium and pay-per-view programming services received by the Defendant are $18,450.60. It should be noted, as well, that the cable theft device has not reached the end of its useful life and would still be able to receive unauthorized cable services.

18.    In addition to lost revenues, Defendant's unlawful conduct injures Charter's good will, its ability to attract and finance the future acquisition of quality services, and its future growth and profitability.

19.    Based on my knowledge, information and belief, it appears that the public is also injured by the Defendant's actions because cable piracy creates an unfair subsidy to "freeloaders," paid for by honest subscribers.

20.    There is further injury because the maintenance of unauthorized connections and the use of unauthorized equipment may result in signal "leakage" which violates regulations of the Federal Communications Commission and harms the quality of cable services received by subscribers.

Signed under the pains and penalties of perjury this 17th day of August, 2004.

Mary P. Paul
Inventory Operations Manager for Charter
Communications Entertainment I, LLC
d/b/a Charter Communications

284819-1

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARTER COMMUNICATIONS | : |
| ENTERTAINMENT I, LLC | : |
| d/b/a CHARTER COMMUNICATIONS, | : |
| | : |
| Plaintiff, | : CASE NO. 04-40081-FDS |
| | : |
| v. | : |
| | : |
| DENNIS SOSA, | : |
| | : |
| Defendant. | : |

AFFIDAVIT IN SUPPORT OF
MOTION FOR JUDGMENT OF DEFAULT

I, Burton B. Cohen, being duly sworn hereby depose and say:

1.     I am over the age of eighteen (18) years and understand the obligations of an oath.

2.     I am an attorney with the law firm of Murtha Cullina LLP, counsel for the Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications and, as such, I am personally familiar with the facts stated herein;

3.     I submit this affidavit in support of the Plaintiff's Motion for Judgment of Default against the Defendant Dennis Sosa;

4.     The Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications is a Delaware limited liability company with a principal place of business at 95 Higgins Street, Worcester, Massachusetts 01606;

5.     The address of the Defendant is 78 Dorchester Street, Apartment # 1, Worcester, Massachusetts 01550;

6.     The Complaint in the above-captioned action was filed in this Court on May 19, 2004;

2

7.    The Defendant was served by Deputy Sheriff David G. Westerman by leaving a true and attested copy of the Summons and Complaint at the abode of the Defendant on May 25, 2004 and by mailing a first class true attested copy to the home of the Defendant on May 26, 2004, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure;

8.    The Defendant failed to file an Appearance in the above-captioned action;

9.    The Defendant failed to file a response to the Complaint, which was due on or before June 14, 2004, as required by Rule 12(a) of the Federal Rules of Civil Procedure;

10.    In the Complaint, Plaintiff claims that the Defendant engaged in conduct and acts constituting one violation of 47 U.S.C. § 553(a) and one violation of 47 U.S.C. § 605(a) ;

11.    On or about June 22, 2004, the Plaintiff moved for Entry of Default against the Defendant and sent a copy of such Motion to him at his current address;

12.    Default was entered by this Court pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on July 20, 2004, and, pursuant to that Order and Federal Rule of Civil Procedure 55, Plaintiff was directed to file a Motion for Judgment of Default within thirty days;

13.    No proceedings have been taken by the Defendant in this action since his default was entered; and

14.    To the best of my knowledge and belief, the Defendant is not in the military service and is not an infant or incompetent.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _18th_ DAY OF AUGUST, 2004.


_____
Burton B. Cohen

**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS, | : : : | |
| | : | |
| Plaintiff, | : : | CIVIL ACTION CASE NO. 04-40081-FDS |
| | : | |
| v. | : : | |
| DENNIS SOSA, | : : : | |
| | : | |
| Defendant. | | |

<u>PLAINTIFF'S DAMAGES ANALYSIS</u>

Plaintiff ("Charter") is a cable operator, within the meaning of 47 U.S.C. §§ 522(5) and 553(a), and provides cable service, within the meaning of 47 U.S.C. § 522(6) to the community of Worcester, Massachusetts. Complaint ¶ 6,7. The Defendant has an address in Worcester, Massachusetts. Complaint ¶ 8.

Upon information and belief, the Defendant ordered, purchased, received and possesses, possessed, used or assisted other persons in the use of one decoder or descrambler, in order to effect the authorized use and interception of Charter's cable services, and this constitutes one violation of 47 U.S.C. §553(a) and one violation of 47 U.S.C. §605(a)

The Federal Communications Act, as amended, provides a federal right of action to the Plaintiff to seek damages, actual or statutory, at the election of the aggrieved person, attorney's fees and costs, as well as injunctive relief, pursuant to 47 U.S.C. § 553 and 47 U.S.C. § 605. Specifically, Subsection

(c)(3)(A)(ii) of Section 553 and Subsection (e)(3)(b)(i) of Section 605 of the Federal Communications

Act, Title 47 of the United States Code, is the source of the Plaintiff's damages in this action. As set

forth in the Complaint, the Plaintiff is seeking statutory damages from the Defendant in connection with

the purchase of a device which has no other purpose but to effect the unauthorized use and interception

of Charter's cable services.

Statutory damages for unauthorized reception of cable services, or assistance in the

unauthorized reception of cable services, under Section 553(c)(3)(A)(ii) and Section 605

(e)(3)(B)(i) are recoverable in an amount set by the Court between $250 and $10,000 per

violation. Each prohibited activity, e.g. the use of an illegal decoder or descrambler, is deemed a

separate violation of Section 553 and Section 605. 47 U.S.C. § 553(b)(3) and 47 U.S.C.

§ 605(b)(3).

The recovery of statutory damages was created because of the severity of the cable piracy

problem.

> The prohibition of pirating closed-circuit signals addresses the collective policy
> concerns of the continued viability of the cable service industry, not to mention,
> the disburdening of cable subscribers who are forced to subsidize the costs of
> cable pirating. H.R. 4103, 98th Cong., 2d Sess. (1984) *reprinted in* 1984 U.S.
> Code Cong. & Admin. News 4655, 4720. Moreover, the piracy statutes provide
> equitable relief and attorneys' fees to enhance vindication of this intangible
> property right.

Storer Cable Comm. v. Joe's Place Bar & Restaurant, 819 F. Supp. 593, 596 (W.D.Ky. 1993).

Therefore, the Plaintiff is entitled to and is seeking statutory damages in the amount of

$20,000 for one violation of 47 U.S.C. § 553(a) and one violation of 47 U.S.C. § 605(a). See

Community Television Systems, Inc. d/b/a TCI Cablevision of South Central Connecticut et al v.

Angelina a/k/a Julie Caruso, 134 F. Supp. 2d 455 (D. Conn. 2000)(the Court awarded the

maximum in statutory damages against each defendant individually noting the complete lack of

284892-1

cooperation with the plaintiff). See also <u>Charter Communications Entertainment I, LLC d/b/a</u>

<u>Charter Communications v. Thomas Pantoja a/k/a Tommy Pantoja,</u> slip op., Civil Action No. 01-

40148 (December 5, 2001); <u>Charter Communications Entertainment I, LLC d/b/a Charter</u>

<u>Communications v. Scott Fairbanks,</u> slip op., Civil Action No. 01-40149 (December 5, 2001);

and Charter Communications Entertainment I, LLC d/b/a <u>Charter Communications v. Stephen</u>

<u>Duggan,</u> slip. op., Civil Action No. 01-40093 (January 24, 2002).

 In addition, the Plaintiff is entitled to its attorneys' fees and costs in prosecuting this

action, in accordance with 47 U.S.C. § 553(c)(2)(C) and 47 U.S.C. § 605(e)(3)(B)(iii). See

<u>Mountain Cable v. Choquette,</u> 53 F. Supp. 2d 107, 116 (D. Mass. 1999).

> PLAINTIFF — CHARTER COMMUNICATIONS
> ENTERTAINMENT I, LLC d/b/a CHARTER
> COMMUNICATIONS
>
> By Its Attorneys,
>
>
> Burton B. Cohen, BBO# 656190
> Christopher L. Brown, BBO# 642688
> Murtha Cullina,LLP
> 99 High Street-20th Floor
> Boston, MA 02110
> (617) 457-4000

Dated: August /8 , 2004

*2001 NOV 29 P 1: 04*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CHARTER COMMUNICATIONS               :    CIVIL ACTION
ENTERTAINMENT I, LLC d/b/a           :    NO. 01-40148-NMG
CHARTER COMMUNICATIONS,              :

        Plaintiff,                 :

        v.                         :

THOMAS PANTOJA                       :
a/k/a TOMMY PANTOJA,                 :

        Defendant.                 :

DOCKETED

DOCKETED

### DEFAULT JUDGMENT

Plaintiff's Motion for Default Judgment is GRANTED in full.

Accordingly, the Court orders the defendant to pay plaintiff the amount of

$10,000.00, plus plaintiff's costs in the amount of $175.55, and reasonable attorney's fees

in the amount of $1,802.00. See 47 U.S.C. § 553(c)(2)(C).

The Court further orders that the defendant is enjoined from engaging in, aiding,

abetting or otherwise promoting or supporting interception or reception of the cable

television programming, service or signal of Charter, including: enjoining the defendant

from connecting, attaching, splicing into, tampering with or in any way using cable wires of

Charter for purposes of obtaining any of the programming services of Charter without

Charter's authorization; enjoining the defendant from manufacturing, purchasing, obtaining,



installing, owning or possessing any equipment, components or parts used to make any such equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter without Charter's authorization; enjoining the defendant from attaching or connecting any such equipment to any property of Charter without Charter's authorization; enjoining the defendant from any further tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, Charter's cable systems without Charter's authorization.

The Clerk is hereby instructed to enter judgment in favor of the plaintiff on all claims and to close this case.

So ordered this 5th day of December, 2001, at Worcester, Massachusetts.

Nathaniel M. Gorton
NATHANIEL M. GORTON
United States District Judge

-2-

2001 NOV 28 P 1: 04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| CHARTER COMMUNICATIONS | : | CIVIL ACTION |
| ENTERTAINMENT I, LLC d/b/a | : | NO. 01-40149-NMG |
| CHARTER COMMUNICATIONS, | : | |

Plaintiff,

v.

SCOTT FAIRBANKS,

Defendant.

DOCKETED

DOCKETED

## ~~AMENDED~~ DEFAULT JUDGMENT

Plaintiff's Motion for Default Judgment is GRANTED in full.

Accordingly, the Court orders the defendant to pay plaintiff the amount of

$40,000.00, plus plaintiff's costs in the amount of $176.55, and reasonable attorney's fees

in the amount of $7,230.50. See 47 U.S.C. § 553(c)(2)(C).

The Court further orders that the defendant is enjoined from engaging in, aiding,

abetting or otherwise promoting or supporting interception or reception of the cable

television programming, service or signal of Charter, including: enjoining the defendant

from connecting, attaching, splicing into, tampering with or in any way using cable wires of

Charter for purposes of obtaining any of the programming services of Charter without

Charter's authorization; enjoining the defendant from manufacturing, purchasing, obtaining,

installing, owning or possessing any equipment, components or parts used to make any such equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter without Charter's authorization; enjoining the defendant from attaching or connecting any such equipment to any property of Charter without Charter's authorization; enjoining the defendant from any further tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, Charter's cable systems without Charter's authorization.

The Clerk is hereby instructed to enter judgment in favor of the plaintiff on all claims and to close this case.

DOCKETED

So ordered this 5th day of December, 2001, at Worcester,

Massachusetts.

_Nathaniel M. Gorton_
NATHANIEL M. GORTON
United States District Judge

```
                                    . COURT
                                    OF MASS.
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

`2001 DEC 19 A 11: 20`

CHARTER COMMUNICATIONS : CIVIL ACTION FILED
ENTERTAINMENT I, LLC d/b/a : NO. 01-40093-NMG  OFFICE
CHARTER COMMUNICATIONS, :

Plaintiff, :

v. :

STEPHEN DUGGAN, :

Defendant. :



## PROPOSED DEFAULT JUDGMENT

Plaintiff's Motion for Default Judgment is GRANTED in full.

Accordingly, the Court orders the defendant to pay plaintiff the amount of $10,000.00, plus plaintiff's costs in the amount of $168.75, and reasonable attorney's fees in the amount of $2,608.50 See 47 U.S.C. § 553(c)(2)(C).

The Court further orders that the defendant is enjoined from engaging in, aiding, abetting or otherwise promoting or supporting interception or reception of the cable television programming, service or signal of Charter, including: enjoining the defendant from connecting, attaching, splicing into, tampering with or in any way using cable wires of Charter for purposes of obtaining any of the programming services of Charter without Charter's authorization; enjoining the defendant from manufacturing, purchasing, obtaining,

installing, owning or possessing any equipment, components or parts used to make any such equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter without Charter's authorization; enjoining the defendant from attaching or connecting any such equipment to any property of Charter without Charter's authorization; enjoining the defendant from any further tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, Charter's cable systems without Charter's authorization.

The Clerk is hereby instructed to enter judgment in favor of the plaintiff on all claims and to close this case.

So ordered this 24th day of _January_, 2002, at _Worcester_, Massachusetts.

_Nathaniel M. Gorton_
NATHANIEL M. GORTON
United States District Judge

**EXHIBIT D**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARTER COMMUNICATIONS          :
ENTERTAINMENT I, LLC d/b/a      :
CHARTER COMMUNICATIONS,         :
                                :
          Plaintiff,             :
                                : CIVIL ACTION NO. 04-40081-FDS
v.                              :
                                :
DENNIS SOSA,                    :
                                :
          Defendant.             :

## AFFIDAVIT FOR ATTORNEYS' FEES AND COSTS

I, Burton B. Cohen, being duly sworn, depose and state the following:

1.     I am over the age of eighteen (18) years and understand the obligations of an oath.

2.     I am an attorney of record and the billing partner with the law firm of Murtha Cullina LLP, counsel for the Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications  ("Charter") and, as such, I am personally familiar with the facts stated herein.

3.     Based upon the acts of the Defendant, Dennis Sosa, constituting one violation of 47 U.S.C. § 553(a) and one violation of 47 U.S.C. § 605 (e) (3)(B)(i) as more fully described in the Complaint, Charter is entitled to $20,000 in statutory damages against the Defendant for Defendant's violations of 47 U.S.C. § 553(a) and 47 U.S.C. § 605 (e) (3)(B)(i).

4.     Plaintiff is entitled to its attorneys' fees and costs in this action, in accordance with 47 U.S.C. § 553(c)(2)(C) and 47 U.S.C. § 605(e)(3)(B)(iii).

5.    The costs incurred by the Plaintiff in connection with this action are $150.00 for the filing fee and $54.20 for the deputy sheriff's fee for service of the Summons and Complaint against the Defendant, totaling **$204.20.**

6.    For the purpose of the Motion for Judgment of Default, the Plaintiff seeks an award of attorneys' fees in the amount of **$2,037.50.**

7.    In order to calculate attorneys' fees incurred with regard to the Defendant, annexed to this affidavit is a chart transcribing contemporaneous time records.  The chart delineates (a) the attorney or paralegal (attributed by their initials), (b) the date, (c) the time spent by each attorney and paralegal who worked on this matter (to the nearest tenth of an hour), and (d) a narrative of the work performed.  The fees requested in this matter were calculated as follows:

> Attorney Burton B. Cohen ("BBC") —-
>
> > 2004-  1.80 hours x $350 = $630.00
>
> Attorney Christopher L. Brown ("CLB") —-
>
> > 2004-  2.40 hours x $210 = $504.00
> >
> > (includes 1.50 hours estimated post-judgment work)
>
> Paralegal Madeleine P. Kane ("MPK") —-
>
> > 2004- 6.95 hours x $130 = $903.50

8.    The hourly rates charged to the Plaintiff for this litigation are the firm's standard hourly rates for 2004 work.  From my experience with attorneys' fees charged in Massachusetts litigation matters by attorneys throughout the state, it is my opinion that our hourly rates are comparable to the average rates of similarly experienced attorneys.

9.    Attorneys' fees and costs associated with this matter total **$2,241.70.**

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ⎟⎟ th DAY OF
AUGUST, 2004.


_____
Burton B. Cohen

# TRANSCRIPTION OF CONTEMPORANEOUS TIME RECORDS FOR CHARTER COMMUNICATIONS I, LLC d/b/a CHARTER COMMUNICATIONS VS. DENNIS SOSA

| ATTORNEY | DATE | TIME SPENT | NARRATIVE |
|---|---|---|---|
| MPK | 05/13/04 | 1.50 | Prepared Dennis Sosa's Complaint. |
| CLB | 05/14/04 | 0.30 | Work on federal court complaints for violations of 47 USC Sec. 553 and 605 vs. D. Sosa. |
| BBC | 05/17/04 | 0.20 | Review evidence and work on complaint for violations of 47 USC Sec. 553 and 605 against Dennis Sosa. |
| MPK | 05/18/04 | 0.40 | Received and reviewed BBC's comments re: Sosa; work on changes and filed Complaints with court. |
| MPK | 05/20/04 | 0.40 | Received and processed Dennis Sosa's filed Summons; sent to Sheriff to be served. |
| CLB | 05/28/04 | 0.25 | Processed Dennis Sosa's served Summons and filed with court. |
| CLB | 06/03/04 | 0.40 | Settlement communications with Sosa. |
| LKN | 06/17/04 | 0.20 | Settlement communications with Sosa. |
| MPK | 06/28/04 | 0.25 | File review for strategy and action re: Sosa. |
| MPK | 08/10/04 | 0.40 | Began preparing Sosa's Default Judgment documents. |
| MPK | 08/11/04 | 2.00 | Continued preparing Sosa's Default Judgment documents. |
| MPK | 08/12/04 | 2.00 | Worked on Affidavit in Support of Attorneys Fees and Costs. |
| BBC | 08/18/04 | 1.60 | Review work on and finalize Motion for Default Judgment vs. Sosa, including affidavit for attorneys' fees and costs. |
| CLB | unknown | 1.50 | Estimated post-judgment work. |