UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS, | Civil Action No. 04-40064-FDS |
| v. | |
| INES CINTRON, Defendant. | |

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS, | Civil Action No. 04-40081-FDS |
| v. | |
| DENNIS SOSA, Defendant. | |

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS, | Civil Action No. 04-40098-FDS |
| v. | |
| THOMAS A/K/A TOM BURDULIS, Defendant. | |

### SWORN SUPPLEMENTAL STATEMENT IN SUPPORT OF MOTION FOR JUDGMENT OF DEFAULT AND REQUEST FOR ATTORNEYS' FEES

Pursuant to the Court's January 11, 2005, Memorandum on Plaintiff's Motions for Default Judgment ("Memorandum"), I, Burton B. Cohen, do depose and state under oath as follows:

1. I am a partner with the law firm of Murtha Cullina LLP, and am a member in good standing of the Massachusetts bar.

2. I am lead counsel in each of the three above-captioned cases and supervising outside counsel for Charter's New England anti-theft program.

766316_1

3. I have represented cable television companies for approximately twenty years and have provided legal advice and representation in matters and cases alleging both criminal and civil violations of 47 U.S.C. § 553 and § 605.

4. Under my supervision, a request for attorneys' fees pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii) was submitted to the Court as <u>Exhibit D</u> to Charter's Motion for Default Judgments in each of the above-captioned cases.

5. In the Memorandum at page 30, the Court requested that counsel submit a sworn statement that provided "further information about the allocation of legal expenses across largely identical lawsuits in multiple cases." (<u>See also</u> Memorandum at 29 (discussing the Court's concerns about overlapping work in multiple, substantially similar lawsuits)).

6. The requests for attorneys' fees in the above-referenced cases are consistent with requests Charter filed in similar cases in Massachusetts and Connecticut, and does not involve duplicative billing or overbilling. Each request for attorneys' fees should therefore be approved in its entirety consistent with the analysis set forth in the Memorandum and for the following reasons:

> (a) In each case, Charter submits with its Motion for Default Judgment an affidavit and a transcription of contemporaneous time records ("Time Chart") that sets forth the specific nature of each entry of billed time, including: (i) the billing attorney or paraprofessional; (ii) the date, (iii) the amount of time spent; and (iv) a narrative of the specific work performed.
>
> (b) As evidenced by the Time Chart, we keep a separate detailed accounting of the time spent on each matter. We line-item bill for each separate defendant, and if we are unable to ascertain the specific defendant for a time entry, we do not include that time in our attorneys' fees affidavit. There is no duplicative billing with other potential or actual theft-of-service matters.
>
> (c) As set forth above, each Time Chart reflects the actual work performed on each specific defendant's case.
>
> (d) Time is spent evaluating the specific facts of each case before it is filed, not only to meet our Rule 11 obligation, but also to ensure that litigation is brought against only those cases with sufficient facts evidencing a violation of the applicable statutes.
>
> (e) Prior to initiating litigation, Charter attempts to resolve all claims with each defendant through an extensive pre-litigation effort. This includes demand letters and various subsequent written and verbal communications, and, in some instances, draft settlement documents. Most of the time, this pre-litigation initiative results in a speedy resolution

(e.g., settlement or insufficient facts to proceed). In some instances, pre-litigation results in lengthy negotiations with no resolution. In yet other cases, the potential defendant does not respond at all. This pre-litigation process is a unique and necessary part of Charter's due diligence activities with regard to each and every potential defendant – regardless of how many theft-of-service claims Charter previously has litigated.

(f)     In connection with these investigations, we work closely with Charter's representatives to evaluate information concerning each possible defendant's cable records and level (or existence) of Charter services, including working to exhume old account address history and researching relevant levels of service to see if account history is consistent with the evidence supporting Charter's allegations of theft-of-service. Furthermore, in many instances, defendants have moved, which requires Charter to locate the defendant in order to assert its rights.

(g)     In response to the Court's inquiry in the Memorandum at pp. 29 and 30, we do not engage in duplicative research on issues concerning the applicability of 47 U.S.C. §§ 553 and 605 to every potential case. Other than ensuring that the facts underlying a potential complaint meet the legal requirements of a theft-of-service claim, we do not research the applicability of 47 U.S.C. §§ 553 or 605 on any of these cases, because as set forth in the Memorandum of Law filed in Support of Charter's Motion for Reconsideration dated January 25, 2005, the precedent in the Central Division of this Court has been that both statutes apply. Therefore, no legal fees are charged to Charter for that issue.

(h)     Once the decision is made to initiate litigation, consistent with ethical obligations, our firm endeavors to do so in a cost-effective manner. It is our practice to exercise a reasonable degree to due diligence in customizing each complaint to the specific facts concerning each defendant. Again, the drafting and preparation of any complaint filed with this Court primarily involves a detailed analysis of the facts underlying the complaint, not any analysis of the legal issues pertaining to 47 U.S.C. § 605 or § 553. We employ the services of less senior attorneys and paraprofessionals where practicable to provide cost-effective legal services to Charter.

Accordingly, for the above reasons and those stated in the original request for attorneys' fees in Exhibit D to the Motions for Default Judgment, Charter respectfully requests that the Court approve its attorneys' fees and costs as set forth in each of the respective motions for judgment of default in the above-captioned cases.

Signed under the pains and penalty of perjury,

_____
Burton B. Cohen, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sworn Supplemental Statement in Support of Motion for Judgment of Default and Request for Attorneys' Fees was mailed first-class, postage prepaid, on January 31, 2005 to:

Ines Cintron
44 Roosevelt Drive
Southbridge, MA 01550

Dennis Sosa
78 Dorchester Street, Apt. #1
Worcester, MA 01604

Thomas Burdulis
11 Miami Street
Worcester, MA 01605

_____
Burton B. Cohen